SCHOTT, Chief Judge,
concurring:
I agree with and subscribe to the majority opinion in all respects. The result *458 reached is correct for yet another reason not mentioned by the majority.
C.C.P. art. 1091(3) provides that a third person may intervene to enforce a right related to or connected with the object of the pending action by opposing both plaintiff and defendant. Strata’s theory is that Transworld and TGP fraudulently colluded against its interest and that Marmid, as assignee of TGP, assumed all of TGP’s obligations in the premises. As an assign-ee Marmid stands in the shoes of the TGP and for all practical purposes is now the defendant in place of TGP which has for all practical purposes evaporated.
Strata is opposing Transworld by claiming that the obligation sued on was paid and that the foreclosure was illegal because it was not named as a defendant along with TGP. Strata opposes Marmid by claiming that its assignor failed to discharge its obligations under the operating agreement and, indeed, by absconding with funds Strata gave TGP for its share of the drilling costs due Transworld. Strata opposes both parties on the theory that they conspired to defraud it of its interest in the lease and caused it to suffer damage.
The label put on a pleading has little significance. The fact that Strata has filed a so called third party demand against Mar-mid does not change its position as a pure intervenor under Art. 1091(3) opposing both plaintiff, Transworld, and the real defendant, Marmid, standing in TGP’s shoes as its assignee.